Good morning, ladies and gentlemen. Good to see all of you. The first case on the oral argument calendar is United States v. Whitehead. Good morning. May it please the Court. I'm going to attempt to reserve two minutes for rebuttal. The mens rea issue presented in this case has not been decided by this Court and remains an open issue. California appeals courts will sustain a conviction for Section 243c2 if the defendant intends to commit the act that causes the battery and has actual knowledge of those facts that would lead a reasonable person to conclude that a battery is a direct, natural, and probable consequence of committing that act. In other words, California appeals courts will sustain a conviction for Section 243c2 even in the absence of evidence that a defendant intended to commit a battery or intended to cause harm. The mens rea required to sustain a conviction under Section 243c2 stands in stark contrast to the mens rea required for the generic crime of violence. The Supreme Court made clear in Leocal that a crime of violence requires not just an intent to use force, but an intent to use force against the person of another. Counsel, you say that this is an open issue in this circuit, but how do you reconcile your argument with Colón-Ariola, which this Court has previously decided that a conviction under Section 243c2 is, in fact, a crime of violence? Colón-Ariola is primarily addressing the actus reus required to sustain a conviction under Section 243c2. In other words, whether that provision requires the use of violent physical force. Colón-Ariola does make a passing reference that the provision requires a defendant to willfully use force, but the Court stopped short of holding that the provision requires the intentional use of that force against the person of another. But the Court's ultimate conclusion was that a conviction under this statute is, in fact, a crime of violence for purposes of a sentencing enhancement under the guidelines. So are you suggesting that this panel can parse through the prior panel's precedential decision and come to a different result? Yes, because that decision is not precedential as to this issue. This was merely a question that lurked in the record before the Colón-Ariola Court, but it was not presented to the Court, it wasn't litigated, and it was not decided. And therefore, this particular issue, the mens rea issue, does remain an open issue that this panel can decide. Now, in your brief, you argued that the Court should not follow Colón-Ariola because there had been intervening Supreme Court decisions. I think specifically it was Mathis that you were referencing. Then in reply, it appeared that you conceded that Mathis really didn't change the state of the law, and you posed an interesting question. Can the Court consider an intervening Supreme Court decision something that is clearly irreconcilable with its prior decision if the prior panel incorrectly applied the categorical test? So I don't understand why that argument is not foreclosed by our precedent that says we're bound by the decisions of a prior three-judge panel unless we take the issue en banc. Well, I think that there's two separate issues here, and the first is that there is no binding decision from the Ninth Circuit on this particular issue. But I do think that there's an alternative argument, which is the argument where we were citing the Robinson case, which is that when you do have an intervening Supreme Court case, even if it's not setting forth a new rule or a new mode of analysis, that that can sort of reopen the issue and allow a subsequent panel to reexamine a prior Ninth Circuit case. But that's not what happened in Robinson. In Robinson, the Court came to a different conclusion than the panel in Lawrence, and it was based on Mathis and DeCamp because in those two Supreme Court cases, the Court provided additional guidance on whether a crime is divisible or indivisible and how that affects the categorical approach. So that is different from what has occurred here, where you have not argued that Mathis did anything to change the analysis under the categorical approach. Rather, you're simply arguing that the prior panel applied it incorrectly and we shouldn't follow it. I do believe that the Mathis Court, it provides clarification of the approach. It doesn't set forth any new rule. But Mathis is one of the very decisions the Robinson Court looked at to reexamine its analysis in Lawrence. But it was examining that in light of whether the statutory issue was divisible or indivisible. Isn't that correct? That is correct. And that is not an issue here, is it? No, it's not. Nevertheless, we do believe that the fact that Mathis is an intervening Supreme Court decision that lays out a mode of analysis, an examination of the categorical approach that is inconsistent with this Court's decision in Colón-Ariola, that it does allow this panel to reexamine that case. However, having said that, as I indicated, I don't believe that Colón-Ariola is binding on this particular issue that we're now arguing, which is the mens rea issue. But the issue really is not the mens rea issue. It's whether or not this statute categorically is a crime of violence, and that's exactly what the case held. So in other words, to follow your analysis and reach your conclusion, we really do have to overrule that case, don't we? I don't believe that the Colón-Ariola case was addressing this particular issue, though. It was not faced with the question of whether Section 243c.2 has the requisite mens rea to constitute a crime of violence. So we would have to find that Colón-Ariola was incorrectly decided, that it didn't address this issue that you find to be critical to the determination of whether the statute is a crime of violence under the categorical approach. And it held that it is, so we would have to reach the opposite conclusion by applying a different analysis. Why are we not foreclosed from doing that unless we take this case en banc? I think as the Supreme Court has recognized in Webster v. Fall, the fact that a question merely lurked in the record of a prior case does not mean that that prior case is binding precedent as to that particular question. I haven't cited the Webster v. Fall case in any of my briefing, and I can submit a 28-J letter with that citation. But that is really the issue here, is that Colón-Ariola did not necessarily address the mens rea issue that we are raising now. It did say in passing reference that the provision requires the willful use of force, but it did not go on to make the finding that it requires the willful use of force against the person of another, which is what the Leocal Court holds is required for a crime of violence. How do you reconcile your position with the Perez case? Perez, like Colón-Ariola, was addressing the actus reus necessary to sustain a conviction for 243D, battery resulting in serious bodily injury. Perez also does not address the mens rea issue that we are raising here. But Perez, like Colón-Ariola, also concludes that the statute at issue is in fact a crime of violence for the guidelines analysis. That is correct. And both of those cases analyze the elements of the underlying offenses and the intent and the force necessary for conviction under those cases, correct? Both of those cases are primarily aimed at examining the amount of force required to sustain a conviction. The litigants in those cases were arguing, as Mr. Whitehead did in his first issue, that Section 243C-2 and then D did not require the use of violent physical force because a conviction could be sustained even based on an offensive touching. Perez considered and rejected several of the arguments that you make in your briefs here and found that the argument that an offensive touching or slightest touching could result in a conviction under these statutes. I think they called it hypothetical and extremely remote and noted that there were no convictions in the California case law on that basis. So, again, how do you reconcile Perez with your argument here today? We do believe that Perez is binding as to the first issue that we raised, the actus reus issue. And while we believe that that issue is appropriate for en banc consideration, the second issue that we've identified related to mens rea was not litigated in the Perez case, and it does remain an open issue in this court. And, Your Honor, I have about 45 seconds left, and I'd like to keep that for rebuttal. Of course.  We'll hear from the government. Good morning. My name is Quinn Hochalter. I'm here on behalf of the United States. May it please the Court. Colon-Areola is still the law, and the district court was bound to follow it. To intervene in binding circuit precedent, the intervening case must undercut the theory or reasoning of the prior circuit opinion such that it is clearly irreconcilable. To be clearly irreconcilable means that the approach is fundamentally inconsistent with the reasoning of earlier circuit authority. And here even the appellant concedes that Mathis is not a new rule, it is not new law, it is not fundamentally inconsistent. It is dealing with issues of divisibility and indivisibility, and here that's not at issue. So there is no intervening authority to overrule or undermine Colon-Areola, and this decision has previously been made and the court is bound by it. Similarly, as the court addressed with Perez, not only did this court recently accept the holding in Colon-Areola, it expanded it, and found that this analysis is still appropriate. Does 243C2 cover some nonviolent uses of force? No, and that's obvious in the state case law. All of these state cases involve violent use of force. How do you respond to the argument that Colon-Areola and Perez did not address a mens rea element in these offenses? They addressed the mens rea element to the extent that it's necessary, and it's only necessary as to the battery, as to the first element. Under the black-letter law, there is no intent element. The courts have held that a defendant has to have the intentional use of force, and no more. An intent to injure isn't required, as the appellant, I think, is arguing here. So there really is no issue as to the mens rea. So the suggestion that someone could be convicted under 243C2 for battery resulting in injury to a peace officer based on accidental conduct or simply just negligent conduct, not intentional conduct, how do you respond to that? The court should consider, and the court presumably did consider in Colon-Areola how California enforces this statute, and that's not how it's enforced. It's not enforced. A battery isn't negligent or careless conduct. It's intentional, willful force upon the victim. And in the state cases, you see that because the offender is engaged in a fight with the officer that's injured. Kicking, tackling, pushing, those are all. Kicking over an ashtray. Kicking over an ashtray, a 50-pound. An ashtray that fell on the officer. That's pretty indirect. But that's like using the ashtray as a weapon. This is a 50-pound concrete ashtray right next to the officer in the context of the defendant trying to get away. He was handcuffed at the time and is trying to resist going into the building, and so he's kicking at the officers and kicks forcefully enough that he knocks over a concrete ashtray. In that context, the ashtray is the weapon. What about people versus haze, which is the subject of the 28J letter? And that's the ashtray case. I don't think that's it. Is that the ashtray case? That's the appellant's 28J letter. Yeah, it is the ashtray case. But in some of the cases as well, they really couldn't determine what caused the injury. And seem to support the idea that indirect injuries fell within the statute. And the injury element of that statute is injury was inflicted. It's passive. And so they didn't really need to determine the extent to how the injury was caused. What's required is that the defendant intends the battery, and then an injury result. And that's how we know what level of force was used in the battery. We know it's violent force because of the injury that happens to the same person the battery occurred upon. So haze was, if I recall correctly, decided in 2006, and it's a California Court of Appeals decision. So if I'm correct on the date, then it was decided long before Colon, Areola, and Perez. How does that affect our consideration of that case? Your consideration should be that Colon, Areola is binding. And that these cases existed before Colon, Areola, and to the extent they were useful in this analysis, they could be used by the Colon, Areola panel. But Miller v. GAMI requires that there has to be some intervening case of last authority in order to intervene in Colon, Areola as binding precedent. So here, haze doesn't matter. If there are no further questions, I'll cede my time. Okay. Thank you. Thank you. Thank you. The government argues that all that is required for a crime of violence is the intentional use of force, but that is the very argument that the Leo Cal Court rejected. It's not mere intent to use force. It's the intentional use of force against the person of another, an intent to evict violent force against another person. When we look at the California Court of Appeals cases, looking both at 243C as well as 243D, that is not required. And the Hays Court is a prime example of that. In that case, the defendant did argue that he didn't have – there was insufficient evidence that he had the appropriate mens rea. And the California Court of Appeals made it abundantly clear that it did not matter whether he honestly believed that his conduct would not result in a battery. So we do believe that there is a California Court of Appeals case law that suggests and holds that Section 243C2 does not require the mens rea required under Leo Cal. Thank you. Thank you, counsel. The case has started to be submitted for decision, and we'll proceed to argument on the United States v. Montgomery.
judges: Thomas, Hawkins, Bade